**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| BRUCESTAN T. JORDAN, | : |
| Petitioner, | : Civil Action No. 09-3187 (MLC) |
| v. | : **O P I N I O N** |
| SUPERIOR COURT OF NEW JERSEY, et al., | : |
| Respondents. | : |

**APPEARANCES:**

Brucestan T. Jordan, <u>Pro Se</u>, # 18106075
Federal Correctional Institution, P.O. Box 779800
Miami, FL 33177

**COOPER**, District Judge

Petitioner, Brucestan T. Jordan, who is confined at the Federal Correctional Institution in Miami, Florida, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. On September 18, 2009, Petitioner filed a motion, <u>inter alia</u>, to supplement pleadings (docket entry 2). On October 5, 2009, Respondents Kaplan and Carver cross-moved to dismiss (docket entry 6). Respondents DeVesa, Middlesex County Superior Court, Milgram, Nieves, and Superior Court of New Jersey cross-moved to dismiss on January 8, 2010 (docket entry 10). Petitioner later filed three motions: motion for summary judgment (docket entry 14); motion to strike (docket entry 16); and motion to compel (docket entry 18). For the following reasons, the petition will be dismissed and all pending motions will be denied as moot.

**BACKGROUND**

Petitioner alleges that on June 22, 2006, various police and prosecutors "conspired to solicit false and perjured testimony to a grand jury to conjure an indictment" against him in New Jersey state court.  (Pet., p. 3).[1]  After the indictment was obtained, an arrest warrant was issued for his arrest.  (Pet., p. 4).  Two days after the arrest warrant was issued, Petitioner was picked up on federal charges.  He was sentenced to 72 months in federal prison.  While serving his sentence, he "signed an IAD" to discharge the pending New Jersey state charges.  (Pet., p. 4).[2]

Petitioner claims that on April 8, 2008, "the State of New Jersey sent an order under the color of law to kidnap the undersigned and unlawfully detain him in county jail for over 13 months."  He states that the New Jersey judge "tried many tactics to coerce [him] to submit to his jurisdiction."  (Pet., p. 4).

In June 2008, Petitioner was sent for a psychological evaluation.  He was found to be competent to stand trial.  (Pet., p. 4).  The judge then appointed counsel against Petitioner's wishes, and in August of 2008, the judge granted a continuance after the IAD expired, against Petitioner's will.  (Pet., p. 5).

---

[1]  According to the grand jury testimony attached to the Petition, Petitioner (1) was indicted for one count of theft by deception, and (2) told the victim he would invest money from her, took over $21,000, and did not invest it, but rather spent it.

[2]  "IAD" refers to the Interstate Agreement on Detainers Act.

In September 2008, Petitioner was offered a plea deal, which he refused. In October 2008, Petitioner was ordered to testify in court, against his wishes, or be sent to a mental hospital. (Pet., p. 5).

In December 2008, Petitioner was sent to a state mental hospital for 45 days to complete a six hour evaluation. He returned to Middlesex County jail in January, and in February of 2009, the IAD expired again. Petitioner states there were no statements filed in open court about why a continuance was being granted. (Pet., p. 6). Petitioner learned from the judge that Petitioner had been diagnosed as "active psychotic process," and was incompetent to stand trial. Petitioner was told that if he did not cooperate with hospital staff, he would stay there forever. (Pet., p. 6). Once Petitioner was back in federal custody he was told by doctors there that there is no mental illness known as "active psychotic process." (Pet., p. 7).

Petitioner claims that his commitment to the state mental hospital was unjustified and unconstitutional, because he is not dangerous and has no history of violence. Petitioner also claims that he was found competent by a federal judge and a psychologist before being sent to that hospital. Further, Petitioner argues that because he filed a tort claim against the state, it was a conflict to send him to a state-owned hospital. (Pet., p. 8). Petitioner contends that he was still in federal custody at the time he was sent to that hospital, and the statute used to support

3

his state commitment, N.J.S.A. § 2C:4-5, was found to be unconstitutional in other states. Petitioner argues that his due process rights were violated by the commitment. (Pet., pp. 9-10).

Petitioner also argues that perjured testimony was used before the New Jersey state grand jury to obtain the indictment. He states that the first piece of perjured testimony concerned an amount of money sent by the Petitioner to the victim. Petitioner claims the amount was $9,000, but before the grand jury, the police officers testified that the amount was $3,500. He further argues that testimony concerning telephone calls that he made to the police was falsely presented to the grand jury. (Pet., pp. 11-16).

Petitioner also argues that his public defender "bestowed fraud and deceit upon the court" because the court did not have jurisdiction over him. (Pet., p. 16). He also claims that there was no good cause to extend a continuance under the IAD after 180 days had elapsed in August 2008 and February 2009. When the IAD expired, there was no hearing held in open court to determine probable cause as to why the IAD should be extended. Thus, Petitioner argues, the indictment against him should have been dismissed under the IAD. (Pet., pp. 17-18).

Petitioner asks the court to abolish as unconstitutional N.J.S.A. § 2C:4-5; for a jury trial to assess damages; and to dismiss the state case against him. (Pet., p. 19).

**ANALYSIS**

**A.   Standard of Review**

28 U.S.C. § 2241 provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless-... He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Petitioner brings the Petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Att'y Gen., 878 F.2d 714, 721-22 (3d Cir. 1989).

**B.   Jurisdictional Issue**

Federal courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a judgment is entered in a state criminal proceeding. See Moore v. DeYoung, 515 F.2d 437, 441-42 (3d Cir. 1975). As to whether a federal court should ever grant a pretrial writ of habeas corpus to a state prisoner:

> (1) federal courts have "pre-trial" habeas corpus jurisdiction;
>
> (2) that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present ...;
>
> (3) where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the

> district court should exercise its "pre-trial" habeas
> jurisdiction only if petitioner makes a special showing
> of the need for such adjudication and has exhausted
> state remedies.

Id. at 443.

A district court also has jurisdiction under 28 U.S.C. § 2241(c)(3) to entertain a pretrial petition for habeas corpus brought by a person challenging a detainer lodged pursuant to an untried state indictment.  See Maleng v. Cook, 490 U.S. 488, 490 (1989); Braden v. 30th Jud'l Circ. Court of Ky., 410 U.S. 484 (1973); Mokone v. Fenton, 710 F.2d 998, 999 (3d Cir. 1983); Moore v. DeYoung, 515 F.2d 437, 442, 443 (3d Cir. 1975); Triano v. Superior Court of N.J., 393 F.Supp. 1061, 1065 (D.N.J. 1975), aff'd 523 F.2d 1052 (3d Cir. 1975).

Moreover, as the Interstate Agreement on Detainers Act is a congressionally sanctioned interstate compact within Art. I, § 10, of the United States Constitution, the Petition presents a federal claim within the meaning of 28 U.S.C. § 2241.  See Carchman v. Nash, 473 U.S. 716, 719 (1985); Cuyler v. Adams, 449 U.S. 433, 438-42 (1981); Casper v. Ryan, 822 F.2d 1283, 1288 (3d Cir. 1987).[3]  Although this Court has jurisdiction over the Petition, habeas relief is not warranted here.

## C. Petitioner's Claims Regarding Competency Hearing

Petitioner argues that he was unconstitutionally sent to a mental institution for evaluation pursuant to N.J.S.A. § 2C:4-5.

---

[3] The IAD has been adopted by the State of New Jersey.  See N.J.S.A. § 2A:159A-1 et seq.; Carchman, 473 U.S. at 719.

A competency determination of a state trial or appellate court constitutes a factual finding; therefore, it is entitled to a presumption of correctness.  See Maggio v. Fulford, 462 U.S. 111, 117 (1983) (assuming that competency is a factual determination entitled to a presumption of correctness).

"A defendant has a due process right not to be tried while incompetent."  Jermyn v. Horn, 266 F.3d 257, 283 (3d Cir. 2001) (citing Pate v. Robinson, 383 U.S. 375, 385 (1966)).  A defendant is competent to stand trial, if "he has sufficient present ability to consult with his lawyer with a reasonable degree of understanding [and if] he has a rational as well as factual understanding of the proceedings against him."  Dusky v. United States, 362 U.S. 402, 402 (1960).[4]

---

[4] The test for competency to stand trial on criminal charges in New Jersey, codified in N.J.S.A. § 2C:4-4, provides:
> a. No person who lacks capacity to understand the proceedings against him or to assist in his own defense shall be tried, convicted or sentenced for the commission of an offense so long as such incapacity endures.
>
> b. A person shall be considered mentally competent to stand trial on criminal charges if the proofs shall establish:
> (1) That the defendant has the mental capacity to appreciate his presence in relation to time, place and things; and
> (2) That his elementary mental processes are such that he comprehends:
>> (a) That he is in a court of justice charged with a criminal offense;
>> (b) That there is a judge on the bench;
>> (c) That there is a prosecutor present who will try to convict him of a criminal charge;
>> (d) That he has a lawyer who will undertake to defend him against that charge;

7

A defendant has a due process right not to be tried while incompetent.  See Jermyn, 266 F.3d at 283.  "Due process requires the trial court to inquire sua sponte as to the defendant's competence in every case in which there is a reason to doubt the defendant's competence to stand trial."  Id.; see N.J.S.A. § 2C:4-5 (providing trial court, on own initiative, may appoint a psychiatrist to evaluate a defendant's mental condition).  The trial court must order a competency hearing, even if it is not requested, "where the evidence raises a bona fide doubt as to a defendant's competence."  State v. M.J.K., 369 N.J.Super. 532 (N.J. App. Div. 2004) (citing Pate, 383 U.S. at 378).

Petitioner has not demonstrated any violations of his due process rights, as the state court was acting within its powers and discretion to order an evaluation of his mental condition before trial.  Petitioner also has not suggested that the finding

---

> (e) That he will be expected to tell to the best of his mental ability the facts surrounding him at the time and place where the alleged violation was committed if he chooses to testify and understands the right not to testify;
> (f) That there is or may be a jury present to pass upon evidence adduced as to guilt or innocence of such charge or, that if he should choose to enter into plea negotiations or to plead guilty, that he comprehend the consequences of a guilty plea and that he be able to knowingly, intelligently, and voluntarily waive those rights which are waived upon such entry of a guilty plea; and
> (g) That he has the ability to participate in an adequate presentation of his defense.

that he was incompetent to stand trial was appealed to the state appellate courts or otherwise exhausted through the state courts. Thus, Petitioner has not established extraordinary circumstances to exercise jurisdiction without exhaustion at this stage.

### D.  Petitioner's Claims are not Exhausted

Petitioner claims that IAD procedures have not been properly followed, and that perjured testimony was presented to the grand jury in his pending state criminal case.  Petitioner seeks to have his state court criminal charges dismissed by this federal court based on these claims.  Petitioner has not alleged that he has exhausted his state remedies in this regard.  Indeed, it is apparent from the Petition that he has not raised these claims in his pending state criminal proceedings.  Petitioner also does not allege any "extraordinary circumstances" that would justify intervention by a federal court.  See, e.g., Moore, 515 F.2d at 445-46.  The court in Moore held concerning a speedy trial claim:

> Petitioner ... will have an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and in any subsequent appellate proceedings in the state courts. Once he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented. These procedures amply serve to protect [Petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes.

515 F.2d at 449; see United States v. Castor, 937 F.2d 293, 296-97 (7th Cir. 1991); Dickerson v. State of Louisiana, 816 F.2d 220,

9

225-27 (5th Cir. 1987); Atkins v. State of Michigan, 644 F.2d 543, 545-47 (6th Cir. 1981); Carden v. State of Montana, 626 F.2d 82 (9th Cir. 1980); see also Younger v. Harris, 401 U.S. 37 (1971) (constitutional challenges must be raised in pending state criminal cases; a federal court generally will not intercede to consider issues that plaintiffs have an opportunity to raise before the state court).[5]

The Petitioner, if eventually convicted, must first exhaust state court remedies by direct appeal or other available state court review, and then, if appropriate, file a federal habeas application to assert any violations of federal constitutional or statutory law.  See Preiser v. Rodriguez, 411 U.S. 475 (1973).

Petitioner has an opportunity to litigate his claims in state court concerning IAD violations and perjured testimony presented at the grand jury.  Therefore, because Petitioner has failed to exhaust these claims before the New Jersey state

---

[5] There are three requirements for invoking Younger abstention: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims.  Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.  See Port Auth. Police Benevolent Ass'n v. Port Auth. of N.Y. & N.J. Police Dep't, 973 F.2d 169, 173 (3d Cir. 1992). Petitioner's criminal proceedings here are pending; thus, state proceedings implicating important state interests are ongoing and Petitioner has the opportunity to raise his claims concerning the grand jury in his state proceedings.  Accordingly, this Court is constrained from taking any action by Younger.

courts, and given the complete absence of any "exceptional circumstances" that would justify federal intervention in Petitioner's pending state proceedings, this Court finds that the claims must be dismissed without prejudice.

If Petitioner were a convicted state prisoner, his claims would be construed as an attack on a state court conviction, which is actionable under 28 U.S.C. § 2254.  However, § 2254 habeas petitions require exhaustion of state court remedies before proceeding in federal court.  Here, it is apparent from the Petition that Petitioner has not been convicted or sentenced on the state charges.  Moreover, Petitioner has not demonstrated that there is an absence of available state corrective processes before proceeding in federal court.  See 28 U.S.C. § 2254(b)(1); see also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).  Exhaustion of state remedies has been required for more than a century, see Ex parte Royall, 117 U.S. 241 (1886), and is now codified.  See 28 U.S.C. § 2254.  The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. See Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18.  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  See Rose, 455 U.S. at 519.

Therefore, where Petitioner has failed to exhaust his state court remedies before bringing this federal habeas petition under § 2254, his Petition must be dismissed without prejudice.

**E.   Claims Regarding Detainer**

Petitioner alleges in his Motion to Supplement the Pleadings (docket entry 2), that the failure of Respondents to dismiss his New Jersey indictment is restricting him from being transferred to a halfway house or camp within his federal incarceration under the Bureau of Prisons ("BOP").  (Motion, docket entry 2, p. 3).

Without considering whether Petitioner has administratively exhausted this issue under the BOP's three-step Administrative Remedy Program, this Court finds that Petitioner is not entitled to such relief.  The BOP's Program Statement provides:

> If an inmate says that his or her rights have been violated under the IAD, the inmate will be advised to contact the state authorities or his or her attorney.
>
> The Bureau does not decide the validity of the detainer or violation of any IAD provision. All detainers will remain in full force and effect, unless and until the charges from the receiving state are dismissed and/or the receiving state authorizes, in writing, the removal of the detainer.

<u>Correctional Systems Manual</u>, Program Statement 5800.15, Chap. 6 § 612.

In addition, Program Statement 5800.14, § 610(i) provides:

> If the inmate has not been brought to trial within 180 days from the date prosecuting officials received the IAD packet, CSD [Correctional Systems Department] staff will correspond with the prosecutor ... calling attention to the lapse of the 180-day period. Only the state may authorize the removal of its detainer. The

12

    inmate must address any request regarding a possible violation of the IADA to the appropriate state court.

Id. Chap. 6 § 610(i).

As federal law does not authorize the BOP to dismiss or disregard the pretrial New Jersey detainer, Petitioner is not entitled to an order directing the BOP to dismiss the detainer.

## CONCLUSION

For the foregoing reasons, the petition for habeas relief under 28 U.S.C. § 2241 will be dismissed without prejudice. The Court will issue an appropriate Order and Judgment.

                                                    s/ Mary L. Cooper  
                                              **MARY L. COOPER**  
                                              United States District Judge

Dated:    June 29, 2010